NATIONAL ELECTRIC TICKET REGISTER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37745. Promulgated July 31, 1929.

*J. G. Korner, Jr., Esq.*, and *M. T. Weinshenk, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

SIEFKIN : The sole question for determination is whether the respondent erred in refusing to allow any deductions in the years in question for exhaustion of the patent.

W. L. Sullivan testified that he left the employ of the Temco Manufacturing Co. in October, 1911. He also testified that he entered into a contract with that company which provided that any inventions on which he had worked while in the employ of that company and on which he should apply for patents within three years after he left there should belong to the Temco Manufacturing Co. He further testified that while in the employ of the Temco Manufacturing Co. he had worked on matters relating to a ticket-issuing machine.

On July 29, 1912, Sullivan filed with the United States Patent Office an application for the issuance to him of a patent on an automatic ticket-issuing machine. This application Sullivan transferred to petitioner for $75,000 par value of its capital stock. On October 26, 1914, Sullivan filed another application with the United States Patent Office for a patent upon a ticket-issuing machine. This application Sullivan also turned over to the petitioner without further consideration. This application resulted in the issuance to Sullivan of Patent No. 1,145,818, under which petitioner manufactured its machines, and it is upon this patent that the petitioner claims deductions for exhaustion.

Shortly after Sullivan transferred the first patent application to petitioner the Temco Manufacturing Co. instituted certain litigation in which it is claimed to be the owner of this application. This litigation was still pending in the courts of Missouri at the time of the hearing of this case.

The respondent contends that in view of the contract between Sullivan and the Temco Manufacturing Co., Sullivan had no interest in the patent applications and the resulting patent and that since the petitioner could receive no greater interest than Sullivan owned, petitioner is entitled to no deduction on account of the exhaustion of the patent.

The burden of proof is upon the petitioner. From Sullivan's testimony we can not determine whether the patent applications and the patent belonged to petitioner or whether they belonged to the Temco Manufacturing Co. The contract between Sullivan and the Temco Manufacturing Co. was not introduced in evidence and we are unable to determine the rights of the parties under that contract. The respondent's disallowance of deductions for exhaustion of the patent must be upheld.

*Judgment will be entered for the respondent.*